IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN H.,[1]

        Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

        Defendant.

Case No. 3:18-cv-01879-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Kevin H. ("Plaintiff") brings this appeal challenging the Commissioner of Social Security's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Commissioner acknowledges that the ALJ erred, and the only issue in dispute on appeal is whether the Court should remand this case for further administrative proceedings or an award of benefits. The Court has jurisdiction to hear this appeal

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the Court grants the Commissioner's motion to remand this case for further proceedings.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I. PLAINTIFF'S APPLICATIONS

Plaintiff was born in December 1958, making him fifty-six years old on January 1, 2015, the alleged disability onset date. (Tr. 17, 28, 63.) Plaintiff is a high school graduate and has past relevant work experience as a deputy sheriff. (Tr. 27, 43, 50, 75, 217.) In his DIB application,

Plaintiff alleges disability based on a history of cervical spine fusion surgeries and back pain. (Tr. 63, 78.)

The Commissioner denied Plaintiff's DIB application initially and upon reconsideration, and on September 10, 2015, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 17.) Plaintiff and a vocational expert ("VE") appeared and testified at a hearing held on March 28, 2017. (Tr. 41-62.) On June 26, 2017, the ALJ issued a written decision denying Plaintiff's application. (Tr. 17-29.) Plaintiff now seeks judicial review of the ALJ's decision.

## II. THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954 (citations omitted).

## III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 17-29.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 1, 2015, the alleged disability onset date. (Tr. 19.) At step two, the ALJ concluded that Plaintiff suffered from the following severe impairments: "Obesity, degenerative disc disease of the cervical spine with fusion, and diabetes mellitus[.]" (Tr. 19.) At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or equals a listed impairment. (Tr. 21.) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work, subject to these limitations: Plaintiff can engage in no more than occasional climbing, crouching, crawling, or overhead reaching. (Tr. 22.) At step four, the ALJ concluded that Plaintiff could not perform his past relevant work. (Tr. 27.) At step five, the ALJ concluded that Plaintiff was not disabled because a significant number of jobs existed in the national economy that he could perform (specifically, the job of gate guard). (Tr. 25.)

## DISCUSSION

As discussed above, the only issue in dispute on appeal is whether the Court should remand this case for further administrative proceedings or an award of benefits. As explained below, the Court concludes that there are outstanding issues to resolve and further administrative

proceedings would be useful. Accordingly, the Court grants the Commissioner's motion to remand this case for further proceedings.

## I. APPLICABLE LAW

"Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citation omitted). In a number of cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). The credit-as-true standard is met if the following conditions are satisfied: (1) "the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion," (2) "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand," and (3) "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Id.* at 1020 (citations omitted).

## II. ANALYSIS

### A. The Medical-Vocational Guidelines

The parties agree that the ALJ erred by failing to apply Rule 202.00(c) of the Medical-Vocational Guidelines consistent with the Ninth Circuit's decision in *Lounsburry v. Barnhart*, 468 F.3d 1111 (9th Cir. 2006).[2] Plaintiff argues that under *Lounsburry*, this Court should

---

[2] "The Medical-Vocational Guidelines are a matrix system for handling claims that involve substantially uniform levels of impairment. They are commonly referred to as 'the grids.'" *Redmond v. Berryhill*, No. 17-cv-01603, 2018 WL 3219437, at *11 n.11 (N.D. Cal. July 2, 2018) (citation omitted).

conclude that he is disabled as a matter of law. The Commissioner argues that further administrative proceedings are necessary to determine if Plaintiff is disabled.

In *Lounsburry*, a claimant of advanced age filed a DIB application, alleging disability due primarily to degenerative joint disease.[3] 468 F.3d at 1112. The ALJ found that the claimant had the capacity to perform light exertional work. *Id.* at 1113. The VE testified that the claimant could not perform her past relevant semi-skilled work as a nurse's assistant because it required a medium exertional capacity. *Id.* The VE, however, also testified that the claimant's past work involved skills that were transferable to one other job that existed in significant numbers in the national economy. *Id.* The ALJ therefore concluded that the claimant was not disabled. *Id.*

On appeal, the claimant argued that the ALJ erred "because Rule 202.00(c) of the Medical-Vocational Guidelines, as applied to the ALJ's uncontested findings of fact, direct[ed] as a matter of law a determination that [the claimant was] disabled." 468 F.3d at 1112. The Ninth Circuit noted that Rule 202.00(c) provides that a claimant with transferable skills is disabled "if those skills 'are not readily transferable to a significant range of semi-skilled or skilled work.'" *Id.* at 1117 (citation omitted). Based on its reading of Social Security Ruling 83-10, the Ninth Circuit construed the phrase "significant range of . . . work" to "require a significant number of occupations." *Id.* The Ninth Circuit in turn found that "[o]ne occupation does not constitute a significant range of work." *Id.* The Ninth Circuit therefore concluded that the claimant was disabled under the Medical-Vocational Guidelines because the record established that the

---

[3] "Social security regulations divide claimants into three age categories: younger persons (those persons under age 50), persons closely approaching advanced age (those persons age 50-54), and persons of advanced age (those persons age 55 or older)." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1069 (9th Cir. 2010) (citation omitted). Plaintiff was fifty-six years old on the alleged disability onset date, and therefore is "an individual of 'advanced age.'" (Tr. 28.)

claimant's "skills would transfer to precisely one occupation at her residual functional capacity."
*Id.*

Similarly here, the ALJ determined that Plaintiff's skills were transferable to only one job (gate guard), but the ALJ concluded that Plaintiff was not disabled under the Medical-Vocational Guidelines. (*See* Tr. 28-29, 51.) The Ninth Circuit was clear in *Lounsburry* that under these circumstances, "[o]ne occupation does not constitute a significant range of work." 468 F.3d at 1117. Thus, the Court agrees with the parties that the ALJ's decision is inconsistent with Rule 202.00(c) and *Lounsburry*.

**B.      Remand**

The Court agrees with the Commissioner that the Court cannot determine on this record if Plaintiff is disabled as a matter of law. Similar to *Lounsburry*, the ALJ here determined that Plaintiff could not perform his past relevant skilled work because it required a medium exertional capacity, which "exceeds the [ALJ's RFC] limitation to no more than light work." (Tr. 22, 27-28, 50.) The ALJ therefore asked the VE whether Plaintiff's past work involved skills that were transferable to jobs in the national economy, but the ALJ limited his question to jobs that do not require reaching:

> Q.   [Does Plaintiff possess any] [t]ransferable skills to light work that *don't require reaching*?
>
> A.   [Gate] guard would be the only one, your honor, light work, semi-skilled, the [Specific Vocational Preparation level] would be three.
>
> . . . .
>
> Q.   . . . [W]hat skills from the deputy sheriff position are transferable to the [gate] guard?
>
> A.   Random reports, dealing with people, dealing with the public, maintaining control.

(Tr. 51, 59-60) (emphasis added). The ALJ then asked the VE whether a hypothetical worker could perform the job of gate guard if he was limited to occasional overhead reaching (as opposed to no reaching). (Tr. 59.) The VE testified that the hypothetical worker could perform the gate guard job because, in the VE's experience, the gate guard job required "virtually" no reaching. (Tr. 60.) Based on the VE's testimony, the ALJ determined that Plaintiff was not disabled. (Tr. 22, 28.)

Unlike in *Lounsburry*, here the record is unclear as to whether there is more than one occupation that Plaintiff could perform. In *Lounsburry*, the record established that the claimant's "skills would transfer to precisely one occupation at her residual functional capacity." 468 F.3d at 1117. By contrast here, the ALJ asked only whether Plaintiff's skills were transferable to light exertional work that does not involve *any* reaching, even though the RFC only limited Plaintiff's overhead reaching. In other words, it is unclear if the VE could have identified additional occupations if the ALJ had restricted his question only to overhead reaching, instead of all reaching. Thus, unlike in *Lounsburry*, the record here does not clearly establish that Plaintiff's skills would transfer to "precisely one occupation" at his RFC capacity. *See Foley v. Berryhill*, No. 3:16-cv-02240-HZ, 2017 WL 5598813, at *5 (D. Or. Nov. 21, 2017) (remanding for further proceedings and stating that "[u]nlike *Lounsburry*, where the VE had clearly testified that there was 'precisely one occupation' to which the claimant's skills could transfer, here, the VE's testimony is ambiguous"). Accordingly, the Court finds that further administrative proceedings are necessary to determine if Plaintiff is disabled.[4]

---

[4] Plaintiff also argues that the ALJ improperly discounted the opinions of his examining physicians, Raymond Nolan, M.D. ("Dr. Nolan"), and Nancy Vinikoor, M.D. ("Dr. Vinikoor"). (Pl.'s Opening Br. at 7.) Plaintiff has not demonstrated that the ALJ would be required to find him disabled on remand if the Court were to credit Drs. Nolan or Vinikoor's opinions as true.

PAGE 8 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS the Commissioner's motion to remand (ECF No. 9), and remands this case for further administrative proceedings. On remand, the ALJ shall (i) reevaluate the opinions of Drs. Nolan and Vinikoor in response to Plaintiff's objections; (ii) allow Plaintiff the opportunity for a new hearing; (iii) obtain supplemental VE testimony; (iv) further develop the administrative record, as necessary; and (v) issue a new decision.

**IT IS SO ORDERED.**

DATED this 13th day of December, 2019.

_____
STACIE F. BECKERMAN
United States Magistrate Judge

---

Accordingly, Plaintiff's arguments regarding the medical opinion evidence do not support a remand for benefits (but the ALJ should address the alleged errors on remand).